Nott, J.
delivered the opinion of the Court.
One of the most familiar maxims of the law is, that the alle-gata and the probata must correspond: and this is not a mere arbitrary rule, but one founded as well on good sense as good law. It is intended to answer the double purpose, of giving notice to the opposite party of what he has to defend, and of preserving an unerring record of the cause of action, as a protection against another suit for the same cause. And this is particularly necessary in actions upon written contracts, because it is by the description alone that one is distinguished from another. “ A trivial variation,” says Mr. Chitty, “ in setting out a contract, record, or any other written instrument, is fatal, because it does not appear that the contract given in evidence is that of which the plaintiff declares.” 1 Ch. Pl. 304.
The contract set out in the declaration in this case is, that in. consideration that the plaintiff would render certain services to the defendant, he would pay him two thousand five hundred dollars; one thousand to be paid during the progress of the work, and the balance in one and two years from the date of the agreement: whereas by the contract produced in evidence, it appears, that the balance was to be paid in one and two years from the time of completing the work. The contract, therefore, which is offered in evidence is not the same set out in the declaration. This objection is attempted to be obviated by the fact, that a copy of the contract was filed with the declaration. And that, to be sure, removed the difficulty, as far as notice to the defendant of what he was to defend was necessary; but it would be no protection against another action on the same contract: for it formed no part of the record, and would be regarded as no longer important after the pleadings were made up. In the case of Morris v. Fort, 2 M‘C. 397, it was held, that a declaration on a note, “ to pay whenever after requested,” was not supportedby a note payable ninety days after date. And in that ease Judge Gantt, who delivered the opinion of the Court, says ; “ The rule of Court requiring that a copy of the cause of action *156 shall be filed with the declaration, does not dispense with the necessity of legal precision in drafting the declaration. For if it were so, then it would be unnecessary to declare at all.” The analogy between the two cases is too striking to require elucidation by argument; and if we intend to preserve consistency in our.own decisions, the nonsuit in this case must be supported.
There is also a count for work and labour on which it is contended that the action can be supported; and a dictum of Judge Story in the case of the Bank of Columbia v. Patterson’s administrator, 7 Cranch, 303, is relied on, to sustain the position. It is there said, “ to be incontrovertibly settled, that indebitatus assumpsit will lie to recover the stipulated price due on a special contract, not under seal, where the contract has been completely executed : and that it is not necessary in such a case to declare on the special agreement.” Now if the agreement in this case had been, that as soon as the work was completed, the defendant would pay a stipulated sum, without condition or other provision, the action might probably have been maintained on the general count. Such a count would then contain all the provisions of the written agreement, of which the instrument itself would furnish the evidence: but it would appear strange to me, that if a person should stipulate in writing to build a house for five thousand dollars, to be paid in five annual instalments after the work is completed, he should be permitted to sue immediately for the whole amount on a general count in indebitatus assumpsit for work and labour. 'The true rule appears to me to be recognized by Sir James Mansfield, in the case of Cooke v. Munstone, 4 Bos. & Pul. 355. “ If a man declare upon a special agreement, and likewise upon a quantum meruit, and at the trial prove a special agreement, but different from what is laid, he cannot recover on either count; not on the first, because of the variance, nor on the second, because there was a special agreement; but if he prove a special agreement and the work done, but not pursuant to that agreement, he shall recover upon the quantum meruit, for otherwise he would not be able to recover at all.” That is. to say, if he prove other work than that mentioned in the special agreement, he may recove.r notwithstanding the special contract; or where he had done the work, though not according to the. contract: for if work had been done of which the defendant received the benefit, he shall pay what it is worth, *157 although not according to his contract. Rut where the work is done upon a special contract, and according to the terms of it, he cannot be made otherwise liable than upon that special agreement.
In the case of Leeds v. Burrows, 12 East, 1. which has also been relied on, the plaintiff had sold certain articles to the defendant for a stipulated sum ; and he also agreed to allow a deduction on account of certain repairs done to a gate, fence, &e. The Court held, that the plaintiff.might recover on a count for goods sold : and that the special agreement' related only to the mode of payment, which was matter of evidence, and did not alter the nature of the contract. And it does not appear that in that case the contract was in writing; but in any view it bears no analogy to this case.
Another ground taken in the brief is, that if the declaration was bad, the defendant should have demurred ; and that is true, but the objection does not go the declaration, but to the evidence adduced in support of it.
Lastly it is said, that the plaintiff ought to have been permitted to amend his declaration. If the motion had been made before the nonsuit had been granted, the Court might certainly have allowed the motion to amend ; and if it had been granted eo instanti, I do not know that this Court would have reversed the order. But allowing amendments is in a great measure a ' matter of discretion; and leave to amend will not always be granted, even where it is in the power of the Court; particularly where there has been great delay and expense, or where it will operate peculiarly hard on the opposite party.
In the case of Morris v. Fort already referred to, a verdict had been taken for the plaintiff; but the Constitutional Court set it aside, and gave the defendant leave to enter up judgment of nonsuit; and we cannot with any kind of consistency set aside a nonsuit, and give the plaintiffleave to amend.
The motion must therefore be refused.